Andrew McClain, J.,
delivered the opinion of the Court.
This is an action commenced on the 8th day of December, 1858, by the administrator of Tolliver Jones, deceased, in the Law Court of Chattanooga, against the Nashville and Chattanooga Railroad Company.
The facts of the case are briefly, as follows:
On the 14th day of December, 1857, Tolliver Jones got on board a passenger train of cars at Murfreesbo-rough, Tennessee, on the road of the defendant, and paid the fare for the entire journey from Murfreesbo-rough to Chattanooga. The train proceeded in the direction of Chattanooga, and while it was passing over that part of the road which lies in the State of Alabama, it came to an obstruction on the road, produced by a collision which had taken place a short time before. The train being unable to pass, the passengers and Jones with the others, left this train and went on board another train on the same road, which had come from the opposite direction, and had *584 met with the same obstruction. This last mentioned train then started back at great speed, in the direction from which it had come, the locomotive being in the rear. It had gone about one mile, when being still in the State of Alabama, a cow came upon the track in front of the train, and the cars were thrown off and the leg of Jones was broken between the ankle and knee. In a few days it was ascertained that amputation was necessary, and this was accordingly performed. He lived about four weeks from the time of the accident.
He died in Alabama, near the place of the accident, having remained in that State during the intermediate time. He was a citizen of Georgia, and left a widow and two children, living in that State. An administrator was appointed in Hamilton county, Tennessee, who commenced this suit, which resulted in a verdict and judgment in favor of the plaintiff, for seven thousand dollars; from which judgment the defendant has appealed to this Court.
The declaration charges that the death was occasioned by the culpable negligence of the defendant, through its officers, agents and servants.
The defendant filed two pleas in abatement.
The writ was issued against the Nashville and Chattanooga Railroad Company, and the sheriff made the following return:
“Came to hand same day issued and executed, by summoning James A. "Whiteside, Vice President of defendant, and acting President, the 20th day of De *585 cember, 1858; and also summoned Robert M. Hook, agent of defendant at Chattanooga, the 14th February, 1859.”
The first plea in abatement, alleges, in substance, that Vernon K. Stevenson, is now, and was at the time of the issuance and service of the writ on White-side and Hook, the acting President and chief officer of the defendant, and that he then resided and still resides in, and is a citizen of Davidson county, Tennessee, where the defendant has its chief office, or place of business.
We think the demurrer in this plea was properly sustained. For aught that appears in the plea, service was made on the agent having his office in Hamilton county, with the business of which office or agency this suit may be connected; or for aught that appears in the plea, this suit may have grown out of the business of that office or agency, and if so, the service was properly made on this agent: Code, sec. 2834.
The second plea in abatement, sets forth that the injury complained of, if inflicted, was done and perpetrated in Alabama.
This plea, if a good defense to the action, is a plea in bar, and not in abatement, and was properly overruled.
But after this plea was overruled, the defendant pleaded the same matter in bar, to which plaintiff also demurred, and the demurrer was sustained. This brings us to the consideration of the questions of law, which control the case.
Before proceeding further, we will remark that the *586 pleadings in this canse do not raise the question as to the right of an administrator to maintain an action for injury to the estate of the intestate, arising from the wrongful conduct or omission which causes the death of his intestate.
The averments contained in the declaration unmistakably fix the character of the action.
The declaration contains this averment: “ That the said Tolliver Jones, at the time he was killed, as aforesaid, had and left a widow, who is still living, and whose name is Lucy "W. Jones; and also left two children, to-wit: Fanny and Emma Jones, both of whom are still living — for all of whom, their use and benefit, this action is brought.”
This can be regarded as no other than an action prosecuted under the provisions of the Code of Tennessee, section 2291.
"We think the Court erred in sustaining the demurrer to this plea.
"We do not mean to say, however, that, if a statute exist in Alabama, similar to our own, vesting the right of action in the administrator, for the use of the widoyr and next of kin, which the deceased would have had if death had not ensued, the action could not be maintained in Tennessee by an administrator appointed in Tennessee.
It is unnecessary now to determine that question.
"What we mean to say is, that we will not presume the existence of such a statute in Alabama. It has not been insisted, in argument, that, in point of fact, such statute exists in that State.
*587 The law of the place where the tort is committed, must determine .the rights of the parties affected by such tort.
The New York statute is similar to our own. The case of Whitford vs. Panama Railroad Company, 23d New York Reports, was a case prosecuted under the provisions of that statute. We have not had access to any book containing a full report of this case, but from an extended note of it in 1st Hilliard on Torts, page 84, it is to be seen that the facts of that case are similar, to some extent, to the facts of the present case.
In that case it was determined that an action can not be maintained when the act causing the death occurred without the State.
The case of Holland vs. Pack, was a case in' one of the courts of Tennessee, in which the owner of a horse sued an Inn-keeper living in the Cherokee Territory, for the loss of the horse, lost at defendant’s Inn. This case is reported in Peck’s Reports, 151.
In that case, the Indians being regarded as an independent nation, Judge Haywood, in commenting on the law of the case, said: “ Should an action, for instance, be commenced in an English court, for the culpable neglect or omission of duty by a French Inn-: keeper in his own country, the declaration could not allege the law of England as the standard of his right, but only as the means of enforcing it; and the plaintiff could only resort to the law of the French to determine the liability of the defendant, the legality of his own claim, and the extent of the retribution to *588 which he was legally entitled.” His Honor instructed the jury substantially, that, there being no proof as to what the law of Alabama was, it would be presumed that the common law was in force, and that, by the common law, the right of action for injury to the person, expired at the death of the person injured; that, if the death was occasioned through the culpable negligence of defendant, it would be liable for damages; and that the action, being transitory, Jones might have brought suit in the courts of Tennessee, had he lived, but, having died in Alabama, his administrator in Tennessee could maintain the action here, under the statute of Tennessee.
Pretermitting all discussion as to the correctness of these instructions in other points of view, it is sufficient to say, that they are, in effect, this: That, for an injury inflicted in Alabama, whereby death ensued, a recovery might be had in Tennessee, by virtue of the statute of Tennessee, without evidence that the same rights accrued to the parties under the laws of Alabama, in consequence of the death of Jones, which are claimed to exist under the statute of Tennessee. This is erroneous.
If it be presumed that the common law is in force in Alabama, the rights of the widow and next of kin under the Statute of Tennessee, are different from any that exist at common law. The judgment will be reversed and the cause remanded.